919 THIRD AVENUE  NEW YORK  NEW YORK  10022-3908            **JENNER&BLOCK** LLP

**VIA ECF AND EMAIL**

October 21, 2015                                          Brian J. Fischer
                                                          Tel +1 212 891 1629
                                                          Fax +1 212 909 0815
                                                          bfischer@jenner.com

Hon. Richard J. Sullivan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Brian S. Cohen v. Theodore F. Schroeder*, No. 1:15-cv-06881-RJS

Dear Judge Sullivan:

We represent Plaintiff Brian S. Cohen ("Mr. Cohen") in the above-captioned matter. In accordance with the Court's Order dated October 14, 2015 (ECF No. 12) (the "Order"), we submit this letter jointly with counsel for Defendant Theodore F. Schroeder ("Mr. Schroeder") to advise the Court on the topics identified in the Order. As the Order directs, the parties also submit a proposed Case Management Plan and Scheduling Order, attached hereto as Exhibit A.

### A. A brief statement of the nature of the action and principal defenses thereto

Plaintiff's Statement:

Mr. Cohen brings a single claim for declaratory relief under 28 U.S.C. § 2201(a), seeking an order declaring that Skoop Media Associates, Inc. ("SMA") is Mr. Schroeder's alter ego, and entering judgment against Mr. Schroeder in the amount of a Delaware judgment that Mr. Cohen has been awarded against SMA.

By way of background, on December 27, 2012, Mr. Schroeder in his individual capacity initiated a lawsuit against Mr. Cohen and Pinterest, Inc. ("Pinterest") in the United States District Court for the Southern District of New York claiming *inter alia* that Mr. Cohen, an angel investor who provided assistance to Mr. Schroeder's website companies Rendezvoo LLC ("RDV") and SMA, had breached fiduciary duties and stolen trade secrets from Mr. Schroeder by providing them to the founders of Pinterest, Inc., who then used those secrets to launch the website Pinterest.com. After Mr. Cohen and Pinterest contested Mr. Schroeder's standing to bring suit on the basis that any injury suffered was to RDV and SMA and not to Mr. Schroeder individually, Mr. Schroeder revived SMA—a legally void Delaware corporation that had conducted zero business since 2008—and added SMA (as well as RDV) as a plaintiff to his litigation. Mr. Cohen contends that this was done for no reason other than to thwart a potentially case-ending standing challenge.

The addition of SMA as a plaintiff destroyed diversity jurisdiction, leading to dismissal of Mr. Schroeder's federal lawsuit. Throughout the brief life of the suit, Mr. Schroeder claimed that the intellectual property at issue was his personal property and no one else's.

October 21, 2015
Page 2

On June 20, 2013, Mr. Schroeder brought a nearly identical lawsuit in New York State Supreme Court (hereinafter the "New York Litigation"). In that suit, Mr. Schroeder again included SMA and RDV as plaintiffs while simultaneously stressing the personal, individual nature of the claims he was raising, alleging, for example, that he "never formally transferred his ideas or other related intellectual property . . . to RDV or SMA." The New York Litigation hinges upon a number of alleged superficial similarities between Mr. Schroeder's websites and Pinterest.com. Discovery has been ongoing for nearly two years, and there is no evidence supporting Mr. Schroeder's contention that Mr. Cohen provided information about Mr. Schroeder's websites to Pinterest and its founders.

Meanwhile, Mr. Schroeder's meritless litigation has caused Mr. Cohen to incur substantial defense costs. Accordingly, on November 14, 2014, Mr. Cohen brought a claim for indemnification against SMA in the Delaware Court of Chancery, consistent with Mr. Schroeder's statement in the New York Litigation that Mr. Cohen was an officer or director of SMA who had allegedly breached his fiduciary duties by providing information to the founders of Pinterest, Inc. (hereinafter the "Delaware Action"). On June 4, 2015, Mr. Cohen prevailed on summary judgment, and SMA currently owes Mr. Cohen over $600,000, an amount that is growing (the "Judgment"). In spite of multiple demands, SMA has not made payment on the Judgment.

SMA's failure to indemnify Mr. Cohen is a result of the fact that SMA is, and has long been, devoid of any appreciable assets. In fact, for many years, SMA has had no employees, has engaged in no real work or corporate record keeping, has issued no stock certificates, and has not paid taxes owed in 2009, 2010, 2011, 2012, 2014, or 2015. In 2013, Mr. Schroeder personally paid taxes to revive SMA because he wanted to conscript it into suit, avoid the standing questions, and further his own personal litigation objectives. Yet, once the heat of the standing questions wore off, Mr. Schroeder once again stopped paying taxes for SMA, and SMA again lapsed into inactive, void status.

In sum, SMA has not been a real business of any kind for roughly 7 years. For the past 2 years, it has had one role: Mr. Schroeder's prop—or mere instrumentality and alter ego—used to litigate his own claims against Mr. Cohen in the New York Litigation. Thus, Mr. Cohen has been left with no choice but to seek the Judgment he is owed from Mr. Schroeder individually, through the alter ego claim brought in this lawsuit. Mr. Schroeder knew that bringing SMA into litigation while alleging that Mr. Cohen was and has been a director and officer of the company with fiduciary duties would cause SMA to incur indemnity/advancement substantial debts to Mr. Cohen that it could not pay. This, coupled with Mr. Schroeder's revival and use of SMA to pursue groundless litigation against Mr. Cohen, constitutes the injustice and unfairness needed to hold Mr. Schroeder responsible for SMA's debt to Mr. Cohen under alter ego liability.

Defendant's Statement:

The Underlying Litigation in which Mr. Cohen is a defendant, and regarding which Mr. Cohen seeks advancement and indemnification solely of his attorneys' fees and defense costs (a/k/a "the Pinterest Litigation"), is ongoing litigation in which Mr. Cohen's liability has not been determined and is very much an open issue. Mr. Cohen stands accused, among other causes of action, of breaching his fiduciary duties to SMA and to Mr. Schroeder, and of misappropriating trade secrets belonging to SMA or to Mr. Schroeder, or both. In particular, in the Pinterest Litigation, Mr. Cohen is accused of learning of the unique ideas, work product, trade secrets and other intellectual property owned by SMA or Mr. Schroeder, or both, while Mr. Cohen was a shareholder, officer and director of SMA, and then stealing that intellectual property and turning it over to other individuals who in turn used that intellectual property to develop the highly successful website Pinterest.com. Not only is the Pinterest Litigation still pending against Mr. Cohen, but in a significant ruling, the New York Supreme Court, Appellate Division, First

Department has recently re-affirmed the viability of the claims that SMA and Mr. Schroeder have asserted against Mr. Cohen – including a reinstatement of the claims against Mr. Cohen for breach of fiduciary duty and misappropriation of trade secrets that the trial court had erroneously dismissed. *Schroeder v Pinterest Inc.*, ___ A.D.3d ___, 2015 WL 5794032, 2015 NY Slip Op. 07232 (1st Dep't Oct. 6, 2015).

Contrary to the characterizations in the present Complaint that the allegations in the Underlying Litigation are "hopelessly baseless" (Complaint, ¶2) and "cooked up" (Complaint, ¶36), the Appellate Division found that there were clear issues as to whether "…Cohen ever resigned his positions, or relinquished his ownership interests in either entity. The Complaint does not, as Mr. Cohen asserts, state that Rendezvoo and Skoop Media "ceased functioning." To the contrary, the Complaint states that neither company was dissolved, and although the parties contemplated a dissolution of Skoop Media, a proposed liquidation agreement was never executed." 2015 WL 5794032 at *6.

In an obvious effort to create strategic leverage in the Pinterest Litigation, Mr. Cohen filed an action against SMA in the Delaware Court of Chancery ("the Delaware Action") seeking advancement from SMA for the attorneys' fees and other defense costs that Mr. Cohen will incur in defending the Pinterest Litigation. In other words, Mr. Cohen demanded that SMA indemnify him for his defense costs in defending against claims of breach of fiduciary duty and misappropriation of trade secrets that SMA itself had asserted against him. Mr. Cohen pursued this Delaware Action for advancement and indemnification of defense costs, and incurred legal fees in that effort, even though he knew before filing the Delaware Action that SMA had no assets to satisfy any judgment he might obtain. On June 4, 2015, Mr. Cohen obtained summary judgment in his favor and against SMA in the Delaware Action, in the amount of the attorneys' fees and defense costs that Mr. Cohen had incurred and will incur in defending the Pinterest Litigation.

When Mr. Cohen was unable to collect this judgment in the Delaware Action from SMA, he filed the present action seeking to pierce SMA's corporate veil and hold Mr. Schroeder liable for the judgment against SMA. The present action is filed solely against Mr. Schroeder, even though there are four shareholders of SMA, including Mr. Cohen himself.

The Defendant submits that the allegations set forth in the "Plaintiff's Statement" above are irrelevant and/or lack merit. But the Court need not determine these issues, because, by law, Mr. Cohen is not permitted to pierce the corporate veil in the present case. The doctrine that allows the corporate veil to be pierced in certain limited and narrowly-construed circumstances is a doctrine that serves to protect innocent outside third parties who deal with the corporate entity. That doctrine is not available to Mr. Cohen, who is a shareholder of SMA. It is well-established law that the corporate veil may be pierced only for the benefit of third parties, and never for the benefit of the corporation itself (SMA) or insiders like the corporation's stockholders (such as Mr. Cohen). The Defendant therefore intends to request a pre-motion conference with respect to a proposed motion to dismiss Mr. Cohen's Complaint in the present action on the ground that it fails to state a claim upon which relief may be granted. However, even if his claim were to survive a motion to dismiss, Mr. Cohen should nevertheless be estopped from attempting to pierce the corporate veil, because the corporate formalities of the subject corporation (SMA) were routinely ignored only at the direction of Mr. Cohen himself. He cannot be allowed to benefit from deficiencies that he himself created.

### B. A brief explanation of why jurisdiction and venue lie with this Court

The parties agree that jurisdiction and venue lie with this Court. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

October 21, 2015
Page 4

This Court has personal jurisdiction over Mr. Schroeder pursuant to New York C.P.L.R. § 303, because Mr. Schroeder is a non-resident/non-domiciliary of New York who commenced the New York Litigation against Mr. Cohen, that lawsuit is still pending, and the claims in this action could have been brought as counterclaims in that lawsuit. This Court also has personal jurisdiction over Mr. Schroeder pursuant to New York C.P.L.R. § 302(a)(1), because Defendant is a non-domiciliary who transacts business within the state. SMA's founding occurred in New York, as did the commencement of the underlying litigation that has given rise to this lawsuit.

Finally, venue in this District is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this District.

### C. A brief description of all outstanding motions and/or outstanding requests to file motions

There are no outstanding motions at this time. Defendant has filed a pre-motion letter requesting leave to a file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See* ECF Dkt. No. 18.

### D. A brief description of any discovery that has already taken place, and that which will be necessary for the parties to engage in meaningful settlement negotiations

No discovery has been exchanged in this lawsuit. After Mr. Cohen prevailed on summary judgment in the Delaware Action, Mr. Cohen sought discovery in aid of execution of the Judgment. Mr. Cohen's document requests asked for basic business records from SMA such as bank account statements, credit and loan applications, financial statements, board meeting minutes, board voting records, tax returns, annual reports, and the like. SMA produced no documents in response. More than three weeks after the deadline for production, SMA provided a set of written responses and objections in which it asserted with respect to each and every request that, "to the extent any such documents exists," they were produced in the New York Litigation. However, SMA itself did not produce any documents in the New York Litigation, the discovery in the New York Litigation was not aimed at uncovering an alter ego relationship, and so the topics relevant to this lawsuit have not yet been the subject of any meaningful discovery. Discovery into SMA's basic business records, along with Mr. Schroeder's use of SMA since it stopped doing business in 2008, will be necessary for any settlement discussions to be productive.

### E. A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any

The parties have not engaged in any meaningful settlement discussions.

### F. The estimated length of trial

The parties estimate that the trial will require 4 or 5 days.

### G. Any further information that you believe may assists the Court in resolving this action

The parties are not presently aware of any additional information that would assist the Court in resolving this Action.

Respectfully Submitted,

Brian J. Fischer
Counsel for Plaintiff Brian S. Cohen
(with consent of counsel for Mr. Schroeder)

cc: Sidney S. Liebesman (Montgomery McCracken, counsel for Mr. Schroeder)
Charles Palella (Montgomery McCracken, counsel for Mr. Schroeder)

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Brian S. Cohen,

                Plaintiff[s],

-v-

Theodore F. Schroeder,

                Defendant[s].

No. 1:15 Civ. 06881 (RJS)
CASE MANAGEMENT PLAN AND
SCHEDULING ORDER

RICHARD J. SULLIVAN, District Judge:

       Pursuant to Rules 16–26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order.

1. All parties **do not consent** to disposition of this case by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c). [*Please choose one.*] [*If all consent, the remainder of the Order need not be completed at this time.*]

2. This case **is** to be tried to a jury. [*Please choose one.*]

3. No additional parties may be joined except with leave of the Court.

4. Amended pleadings may not be filed except with leave of the Court.

5. Initial disclosures pursuant to Rule 26(a)(1) shall be completed no later than **November 12, 2015**. [*Absent exceptional circumstances, within fourteen (14) days of the date of the parties' conference pursuant to Rule 26(f).*]

6. All *fact* discovery is to be completed no later than **February 26, 2016**. [*A period not to exceed 120 days unless the case presents unique complexities or other exceptional circumstances*].

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 6 above.

   a. Initial requests for production of documents shall be served by <u>December 11, 2015</u>.

   b. Interrogatories shall be served by <u>February 5, 2016</u>.

      c. Depositions shall be completed by <u>February 26, 2016</u>.

         i. Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

         ii. There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

         iii. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

   d. Requests to Admit shall be served no later than <u>February 26, 2016</u>.

8. All *expert* disclosures, including reports, production of underlying documents, and depositions shall be completed pursuant to the following deadlines:

   a. Expert(s) of Plaintiff(s)   <u>N/A</u>.

   b. Expert(s) of Defendant(s)   <u>N/A</u>.

   [*The parties shall be prepared to describe their contemplated expert discovery and the bases for their proposed deadlines at the initial conference.*]

9. All discovery shall be completed no later than <u>February 26, 2016</u>.

10. The Court will conduct a post-discovery conference on _____. [*To be completed by the Court.*]

11. If either party contemplates a motion, the post-discovery conference will function as a pre-motion conference. Pre-motion letters are to be submitted no later than _____. [*To be completed by the Court.*] Pursuant to Rule 2.A of the Court's Individual Practices, responses to pre-motion letters are to be submitted within three business days from the date of submission of the initial pre-motion letter. Pre-motion letters and responses shall be submitted pursuant to Rule 1.A of the Court's Individual Rules of Practice.

12. If neither party contemplates a dispositive motion, the post-discovery conference will function as a pre-trial conference at which a trial date will be set.

13. Counsel for the parties request a settlement conference before a Magistrate Judge or the Southern District's Mediation Program and request: [*Please check one. All counsel must meet for at least one hour to discuss settlement not later than two weeks following the close of fact discovery.*]

   a. ☒ Referral to a Magistrate Judge for settlement discussions

   b. ☐ Referral to the Southern District's Mediation Program
   [*Note that all employment discrimination cases, except cases brought under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq., are designated for automatic referral to the Court's Alternative Dispute Resolution program of mediation. Accordingly, counsel in such cases should select 13(b) above.*]

   The parties are to contact _____ by _____. [*To be completed by the Court after consultation with the parties.*]

14. Parties have conferred and their present best estimate of the length of trial is
   4-5 days.

15. In the case of a discovery dispute, unless otherwise directed, parties should describe their discovery disputes in a <u>single letter, jointly composed, not to exceed five pages</u>. Separate and successive letters will not be read. Strict adherence to Fed. R. Civ. P. 37(a)(1), the "meet and confer" rule, is required, and should be described in the joint submission as to time, place and duration, naming the counsel involved in the discussion. The joint letter shall describe concisely the issues in dispute and the respective position of each party, citing the applicable authority that the respective parties claim for support. As a general matter, affidavits or exhibits are **not** permitted in connection with discovery dispute letters without prior written request and permission. However, when the dispute concerns the refusal to respond to a specific written request, the parties shall attach that request. If an opposing party refuses to participate in writing a joint

letter or does not provide its portion of a joint letter within 72 hours of a party's request, a party may submit a letter without the opposing party's contribution and shall attach a copy of the correspondence seeking the opposing party's contribution.

16. No request for an extension of the deadlines set forth in ¶¶ 6 or 9 shall be granted unless the parties seeking the extension show good cause for the extension and specifically explain (1) what discovery has already been completed, (2) what discovery remains to be done, and (3) why the parties were unable to comply with the preexisting deadlines. As a general matter, the Court will not adjourn a deadline by more than the number of days remaining from the time of the request to the original deadline. (That is, if at the time of the request there are twenty days left before the deadline, the Court will not adjourn the deadline more than twenty days.)

SO ORDERED.

DATED: _____, 20\_\_
New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE