919 THIRD AVENUE  NEW YORK  NEW YORK  10022-3908                                         JENNER&BLOCK LLP

VIA ECF AND EMAIL

December 22, 2015                                                  Brian J. Fischer
                                                                   Tel +1 212 891 1629
                                                                   Fax +1 212 909 0815
Hon. Richard J. Sullivan                                           bfischer@jenner.com
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: **Brian S. Cohen v. Theodore F. Schroeder**, No. 1:15-cv-06881-RJS

Dear Judge Sullivan:

We represent Plaintiff Brian S. Cohen ("Mr. Cohen") in the above-captioned matter. In accordance with this Court's Individual Rule of Practice ("Rule") 2.G, we submit this letter to raise a discovery dispute with the Court. On December 18, 2015, in accordance with Rule 2.G, we sent this letter to Sidney Liebesman, counsel for Defendant Theodore F. Schroeder ("Mr. Schroeder"), seeking his portion of the letter within 72 hours. (Exh. A). He did not respond. We have waited an additional day and have still received no response. Accordingly, we submit this letter without Mr. Schroeder's contribution, as permitted under Rule 2.G.

As set forth below, the parties conducted a meet and confer by telephonic conference on December 16, 2015 at approximately 2:15 pm that lasted less than 12 minutes (unfortunately brief from Mr. Cohen's perspective). Brian Fischer and Alison Stein, counsel for Mr. Cohen, and Sidney Liebesman, counsel for Mr. Schroeder, participated in the call.

**Plaintiff's Statement of the Dispute**

In this lawsuit, Mr. Cohen brings a single claim for declaratory relief, seeking an order declaring that Skoop Media Associates, Inc. ("SMA") is Mr. Schroeder's alter ego, and entering judgment against Mr. Schroeder in the amount of an unsatisfied Delaware judgment that Mr. Cohen has been awarded against SMA. Mr. Cohen contends that SMA is a sham corporation that was revived by Mr. Schroeder in 2013 solely to pursue groundless litigation against Mr. Cohen.

This discovery dispute concerns Mr. Schroeder's near complete lack of response to Mr. Cohen's First Set of Requests for Production of Documents (the "Requests"), served on October 28, 2015. (Exh. B). The 39 Requests seek information that goes to the heart of the lawsuit, such as SMA's annual reports, tax filings, board meeting minutes, and other basic corporate documents, as well as documents concerning the decision to make SMA a plaintiff in a lawsuit against Mr. Cohen, and documents concerning SMA's ability to satisfy the Delaware judgment.

Notwithstanding the plain relevance of these Requests (and indeed, essentially not disputing such relevance), Mr. Schroeder has produced only a single document in response to the 39 Requests, and he now claims his production is complete. In addition, Mr. Schroeder has provided a set of responses and objections (the "Responses and Objections") in which he references two earlier productions from different litigations—the Delaware litigation and the New York state court litigation—and claims that if there are any additional documents responsive to the Requests, those documents can be found in the earlier productions.

December 22, 2015
Page 2

Mr. Schroeder's production of a single document accompanied by his Responses and Objections amounts to nothing more than an attempt by him to completely stonewall the discovery process. First, one of the two productions referenced by Mr. Schroeder—a supposed production in the Delaware litigation—did not actually occur. Not a single document was produced by Mr. Schroeder in that litigation. Second, although Mr. Schroeder produced documents in the New York state litigation, at least fifteen of the Requests were never propounded in the New York state litigation.[1] Third, even with respect to those Requests that were also asked in the New York state litigation, Mr. Cohen did not receive any documents responsive to many of those requests.[2] Finally, and perhaps most critically, Mr. Schroeder did not produce any documents in the New York state litigation dated later than 2012, and many of the Requests here concern documents dated later than 2012. For example, the addition of SMA as a plaintiff in a lawsuit against Mr. Cohen occurred in 2013, the revival of SMA that Mr. Cohen contends was necessary to allow SMA to be a plaintiff also occurred in 2013, and the judgment against SMA that gives rise to this lawsuit was entered in 2015.[3]

In addition, Mr. Schroeder's Responses and Objections include several improper general objections. For example, Mr. Schroeder objects to the Requests to the extent that they seek disclosure of material subject to the "party communication privilege." However, New York does not recognize such a supposed privilege, and, in any event, Mr. Cohen has sued only one individual, begging the question of how such a hypothetical privilege could even apply. Similarly, Mr. Schroeder objects to the Requests insofar as they violate his "right of privacy," but we know of no way the Requests could violate that right in a way recognized by New York courts. Mr. Schroeder also objects to the time period called for in the Requests (November 1, 2007 onward), even though there is no justification for the objection as the demise of SMA occurred in late 2007. Not only has Mr. Schroeder failed to state these objections with requisite specificity, but he has failed to make clear whether any documents are actually being withheld under these objections, all in contravention of Federal Rule of Civil Procedure 34(b)(2).

We repeatedly attempted to raise all of these issues with Mr. Schroeder prior to submitting this letter, in the hope of resolving some or all of them without burdening the Court, all to no avail. On December 2, 2015, within days of receiving the Responses and Objections, we sent Mr. Schroeder a letter setting forth each of the issues identified above and asking for a response. Mr. Schroeder never responded to the letter. After a follow-up email, Mr. Schroeder responded on December 10, 2015 by producing a single document and claiming that his production was complete. On December 16, 2015, we conducted a meet and confer with Mr. Schroeder's counsel, Mr. Liebesman. During the meet and confer, Mr. Liebesman refused to answer any questions about whether Mr. Schroeder is withholding documents based on his general objections, or whether there are documents responsive to even the most relevant of the Requests. For example, he refused to answer the simple question of whether Mr. Schroeder had ever communicated about SMA with anyone after 2012 (Request 37). More generally, he refused to respond to the fact that many of the Requests concern events that did not happen until after 2012, and thus a reference to the New York state litigation productions that contain no documents past 2012 is a complete non-starter.

Finally, when we asked Mr. Liebesman when he would be providing us with a privilege log (and whether that log might shed some light on Mr. Schroeder's non-production), he stated that he is taking the position that all communications between Mr. Schroeder and his counsel past the filing of the first litigation in this Court (back in December 2012) are privileged but need not be logged. Not only is this an improper

---

[1] Those Requests include Requests 2, 7, 8, 9, 13, 19, 20, 21, 22, 33, 34, 35, 37, 38, 39.
[2] See, e.g., Requests 14, 15, and 23.
[3] See Requests 25, 29, and 33.

December 22, 2015
Page 3

position under the law, but Mr. Liebesman also refused to address the logging of other documents that might also be privileged. Instead, Mr. Liebesman threatened that if we were to pursue a log, he would serve us with a retaliatory document request asking for all of Mr. Cohen's communications with his counsel. After eleven minutes, Mr. Liebesman abruptly cut short the meet and confer with hostile words. This was par for the course; Mr. Liebesman repeatedly cut off Ms. Stein, who took lead on the call, refusing to allow her to complete sentences, making the meet and confer frustratingly unproductive.

In sum, Mr. Cohen requests that Mr. Schroeder be ordered to respond to each of the Requests in one of the three ways in which he is permitted to do so: (1) produce documents responsive to the Request; (2) in an amended set of responses and objections, identify which documents in the New York state litigation productions he contends are responsive to the Request;[4] or (3) in an amended set of responses and objections, state that no documents exist that are responsive to the Request. Any amended set of responses and objections must also state any general objection with greater specificity, including whether documents are being withheld under that objection. Finally, Mr. Schroeder should be required to provide a privilege log within the next three weeks, as he has already made a production (albeit of a single document),[5] thus triggering his obligation to do so.

Respectfully Submitted,

Brian J. Fischer
Counsel for Plaintiff Brian S. Cohen

cc:   Sidney S. Liebesman (Montgomery McCracken, counsel for Mr. Schroeder)
      Charles Palella (Montgomery McCracken, counsel for Mr. Schroeder)

---

[4] Mr. Schroeder is not permitted to respond to a document request by simply pointing to earlier productions without expressly identifying which documents from those earlier productions are responsive to the current requests. See Duling v. Gristede's Operating Corp., 266 F.R.D. 66, 75 (S.D.N.Y. 2010) (quoting previous order stating that, "[t]o the extent responsive documents have been produced to plaintiffs' counsel in other litigations, the documents need not be produced a second time so long as responsive documents produced in other litigations *are expressly identified by defendants in a clear, unambiguous manner.*") (emphasis added).

[5] The single document that Mr. Schroeder produced is titled "Agreement of Interest in Lawsuit." (SCHR001-006). During the meet and confer, when counsel for Mr. Cohen noted that Mr. Schroeder had produced that document in isolation—without any drafts of that agreement, communications surrounding its drafting, or metadata revealing when it had been drafted and modified—Mr. Liebesman stated that he would look into this issue. We also asked for basic metadata associated with the document, such as its creation date, to be provided. We await his response on this point.