# Exhibit H

| | |
|---|---|
| **From:** | Orpett, Natalie K. |
| **Sent:** | Friday, August 22, 2014 4:38 PM |
| **To:** | 'jrogers@herrick.com' |
| **Cc:** | Fischer, Brian J.; Bart, Andrew H. |
| **Subject:** | Schroeder et al. v. Pinterest et al. |
| **Attachments:** | Subpoena Duces Tecum.pdf |

Mr. Rogers,

Please see the attached.

I understand that you have previously informed my colleague, Brian Fischer, that you are authorized to accept service on behalf of William Bocra. Would you kindly provide written confirmation of such authorization? Otherwise, we will be happy to make arrangements to serve Mr. Bocra directly.

Best,
Natalie

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

THEODORE F. SCHROEDER, RENDEZVOO LLC, and SKOOP MEDIA ASSOCIATES, INC.,

     Plaintiffs,

 v.

BRIAN S. COHEN and NEW YORK ANGELS, INC.,

     Defendants.

---

Index No. 652183/2013

IAS Part 45
Justice Schweitzer

## SUBPOENA DUCES TECUM

TO: William Bocra, Jr.
   Baker Martin Capital
   116 West 23rd Street, 5th Floor
   New York, NY 10011

   WHEREAS, there is a proceeding pending pursuant to the New York Civil Practice Law and Rules ("CPLR") in the Supreme Court of the State of New York, Commercial Division, County of New York, by plaintiffs Theodore F. Schroeder, Rendezvoo LLC, and Skoop Media Associates, Inc. against defendants Brian S. Cohen and New York Angels, Inc.,

   YOU ARE HEREBY COMMANDED, pursuant to CPLR 3120 that, all business and excuses being laid aside, that on September 19, 2014, you produce for discovery and permit the copying and inspection, at the offices of Jenner & Block LLP, 919 Third Avenue, 37th Floor, New York, New York 10022, of any and all documents and things (whether in paper or electronic form) specified in Schedule A hereto, in your possession, custody or control in accordance with the definitions and instructions set forth in Schedule A, for use in the above-captioned action.

Failure to comply with this Subpoena Duces Tecum is punishable as a contempt of court and shall make you liable to the person on whose behalf this subpoena was issued for a penalty not to exceed fifty dollars and all damages sustained by a reason of your failure to comply pursuant to CPLR 2308.

Dated: August 22, 2014
New York, New York

Respectfully submitted,

By: _Brian J. Fischer / NKO_
Andrew H. Bart
Brian J. Fischer
JENNER & BLOCK LLP
919 Third Avenue
37th Floor
New York, NY 10022
Phone: 212 891-1600
Fax:    212 909-0815

*Counsel for Defendants Brian S. Cohen and New York Angels, Inc.*

To:   Sidney S. Liebesman
      Charles Palella
      Steven Pachman
      MONTGOMERY McCRACKEN WALKER & RHOADS LLP
      437 Madison Avenue, 29th Floor
      New York, NY 10022
      (212) 867-9500 (t)
      SLiebesman@mmwr.com
      CPalella@mmwr.com
      SPachman@mmwr.com
      *Counsel for Plaintiffs Theodore F. Schroeder, Rendezvoo LLC, and Skoop Media Associates, Inc.*

## SCHEDULE A

## **DEFINITIONS**

Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and shall be interpreted in their common, ordinary sense. As used in these Requests for the Production of Documents (the "Requests"), the words set forth below shall be defined as follows:

1. The "Action" means the case of *Theodore F. Schroeder, Rendezvoo LLC and Skoop Media Associates, Inc. v. Brian S. Cohen and New York Angels, Inc.*, Index No. 652183/2013, in the Commercial Division of the Supreme Court of New York, New York County, before Justice Melvin Schweitzer.[1]

2. The "Complaint" means Plaintiffs' Complaint in this Action, Docket No. 1, filed on June 20, 2013.

3. "Cold Brew Labs" means the company Cold Brew Labs, as well as the ideas, concepts, designs, websites, information, business plans, or corporate affairs relating to each.

4. The "Companies" means Rendezvoo LLC and Skoop Media Associates, Inc.

5. "Concerning" means related to, describing, discussing, referencing, or commenting on.

6. A "document" includes every writing, recording, or record in any form, whether handwritten, printed, typed, taped, or in any other graphic, digital, magnetic, optical, or mechanical form, however produced, reproduced, or recorded. The term includes, without limitation, all memoranda, reports, data, correspondence, communications, phone messages, diaries, logs, notes, bills, invoices, checks, receipts, and email messages, instant message logs

---

[1] Prior to a recent Order of the Court dismissing it, Pinterest, Inc. was a defendant in the Action.

and wiki pages, including those within the personal or private possession, custody, or control of Plaintiffs or any of their past or present officers and employees. The term also includes, without limitation, any data compilations from which information can be obtained, and if necessary, translated into usable form through the use of any machine, device, or equipment, whether or not sent, received, or otherwise transmitted. The term also includes, without limitation, every draft of a document, and any copy that is not identical in each and every respect to the original or another copy.

7. "Launchbed" means Launchbed or the Launchbed platform, as well as the ideas, concepts, designs, websites, information, business plans, or corporate affairs relating to each.

8. "NYA" means New York Angels, Inc., any members, former members, administrators, officials, directors, staff, or agents of New York Angels, Inc., and any and all business plans or corporate affairs of New York Angels, Inc.

9. "Pinterest" means Pinterest, Inc. and pinterest.com, as well as the ideas, concepts, designs, websites, information, business plans, or corporate affairs relating to each.

10. "Plaintiffs" means the plaintiffs in this Action: Theodore F. Schroeder, Rendezvoo LLC and/or Skoop Media Associates, Inc.

11. "Relating to" means concerning, describing, discussing, referencing, or commenting on.

12. "Rendezvoo" means Rendezvoo LLC, Rendezvoo.com, Rendezvoo Version 2, RDV, or RDV Version 2, as well as the ideas, concepts, designs, websites, information, business plans, or corporate affairs relating to each.

13. "SMA" means Skoop Media Associates, Inc. or Skoopwire.com, as well as the ideas, designs, websites, information, business plans, or corporate affairs relating to each.

14. "Tote" means Tote and tote.com, as well as the ideas, concepts, designs, websites, information, business plans, or corporate affairs relating to each.

15. The terms "You" and "Your" refer to non-party William Bocra, Jr., and any agents of Mr. Bocra's or persons or entities otherwise acting on Mr. Bocra's behalf, including but not limited to attorneys.

16. As used herein, the conjunctions "and" and "or" shall be interpreted conjunctively and shall not be interpreted disjunctively to exclude any information otherwise within the scope of the Requests.

17. The present tense shall be construed to include the past tense and the past tense shall be construed to include the present tense as required by the context to elicit all information discoverable within the broadest scope of these Requests.

18. Reference in the singular shall include the plural, and reference to the plural shall include the singular.

## INSTRUCTIONS

1. The Requests require You to produce all documents and electronically stored information in Your possession, custody, or control, within the broadest meaning of that phrase permitted by New York Civil Practice Law and Rules ("CPLR"), including documents and electronically stored information in the possession, custody, or control of Your employees, agents, brokers, representatives, subsidiaries, attorneys, accountants, or any other person acting or purporting to act on Your behalf or under Your direction or control.

2. If any of the information or documents requested below are claimed to be privileged in whole or part, provide, pursuant to CPLR 3122(b), provide the following information in sufficient detail to permit the Court to evaluate the claim of privilege, including, without limitation, a privilege log that identifies: (i) the basis for asserting the claim of privilege,

and the precise ground on which the document is withheld; (ii) the type of document; (iii) the general subject matter of the document; (iv) the date of the document; and (v) any other information as is sufficient to identify the document for a subpoena duces tecum.

3.  If You object to or otherwise decline to answer any portion or aspect of the Requests, provide all information requested by the remainder of the Requests. If You object to the Requests for the reason that they are too broad, provide all information that You concede is relevant. If You object to the Requests on the ground that to provide an answer would constitute an unfair burden, provide all requested information that can be supplied without undertaking the alleged unfair burden. If You are providing less than a complete response to the Requests, Your written response shall clearly indicate any limitation on Your production. If there are no documents responsive to the Requests that are within Your possession, custody, or control, You shall so state expressly.

4.  If, in answering the Requests, any ambiguity in construing either the Requests or a definition or instruction relevant to the inquiry contained within the Requests is encountered, identify the matter deemed ambiguous and set forth the construction chosen or used in responding to the Requests.

5.  The Requests are continuing in nature. If, after responding, You obtain or become aware of any further documents that are responsive to the Requests, supplementary production is required, as provided in CPLR 3101(h).

**THE DOCUMENT REQUESTS**

1.  Any and all documents relating to the commercial activities, business plans, web traffic, features, functionality, corporate governance, corporate affairs, fundraising efforts, revenue generation, development, ownership, management, personnel or managerial conflicts, focus group testing, intellectual property, confidentiality measures, or suspension of activities,

6

of, at, or by Rendezvoo, as such matters relate in any way to the allegations in the Complaint (hereafter, the "Complaint or Rendezvoo Matters").

2. Any and all emails exchanged (and any and all attachments thereto) between or among You, Brandon Stroy, Theodore F. Schroeder, and/or Brian S. Cohen concerning in any way any of the Complaint or Rendezvoo Matters.

3. Any and all text messages exchanged (and any and all attachments thereto) between or among You, Brandon Stroy, Theodore F. Schroeder, and/or Brian S. Cohen concerning in any way any of the Complaint or Rendezvoo Matters.

4. Any and all social media messages exchanged (and any and all attachments thereto) between or among You, Brandon Stroy, Theodore F. Schroeder, and/or Brian S. Cohen concerning in any way any of the Complaint or Rendezvoo Matters.

5. Any and all instant messages exchanged (and any and all attachments thereto) between or among You, Brandon Stroy, Theodore F. Schroeder, and/or Brian S. Cohen concerning in any way any of the Complaint or Rendezvoo Matters.

6. Any and all documents relating to the commercial activities, business plans, web traffic, features, functionality, corporate governance, corporate affairs, fundraising efforts, revenue generation, development, ownership, management, personnel or managerial conflicts, focus group testing, intellectual property, confidentiality measures, or suspension of activities, of, at, or by SMA, as such matters relate in any way to the allegations in the Complaint (hereinafter the "Complaint or SMA Matters").

7. Any and all emails exchanged (and any and all attachments thereto) between or among You, Brandon Stroy, Theodore F. Schroeder, and/or Brian S. Cohen concerning in any way any of the Complaint or SMA Matters.

7

8. Any and all text messages exchanged (and any and all attachments thereto) between or among You, Brandon Stroy, Theodore F. Schroeder, and/or Brian S. Cohen concerning in any way any of the Complaint or SMA Matters.

9. Any and all social media messages exchanged (and any and all attachments thereto) between or among You, Brandon Stroy, Theodore F. Schroeder, and/or Brian S. Cohen concerning in any way any of the Complaint or SMA Matters.

10. Any and all instant messages exchanged (and any and all attachments thereto) between or among You, Brandon Stroy, Theodore F. Schroeder, and/or Brian S. Cohen concerning in any way any of the Complaint or SMA Matters.

11. Any and all documents relating to NYA, including but not limited to any and all emails (and any and all attachments thereto), any and all social media messages (and any and all attachments thereto), and any and all instant messages (and any and all attachments thereto) concerning in any way any of the Complaint or Rendezvoo Matters and/or concerning in any way any of the Complaint or SMA Matters.

12. Any and all documents relating to Pinterest, Tote, or Cold Brew Labs, including but not limited to any and all emails (and any and all attachments thereto), any and all social media messages (and any and all attachments thereto), and any and all instant messages (and any and all attachments thereto) concerning the allegations in the Complaint.

13. Any and all documents relating to or comprising either or both of the Companies' board meeting minutes, board resolutions, board unanimous written consents, and board meeting notices.

14. Documents sufficient to show the last date(s), prior to Plaintiffs' initiation of litigation on December 27, 2012, on which You, Brandon Stroy, or any of the Plaintiffs, including but not limited to Plaintiffs' employees or agents, performed each of the following

tasks relating to the Companies: (a) maintenance, (b) coding, (c) development, (d) design, (e) operation, and/or (f) management.

15. Documents sufficient to show the nature of the activity and the person(s) performing the activity described in Request No. 14 above.

16. Any and all documents relating to efforts to promote, market, or fundraise for the Companies, including but not limited to efforts independent of Brian S. Cohen and NYA.

17. Any and all non-disclosure agreements, confidentiality agreements, and/or non-compete agreements entered into by or on behalf of You relating in any way to the Companies.

18. Any and all of Your resumes, CVs, or professional biographies from 2004 through the present.

19. Any and all documents relating to or comprising disclosure by You to Your employers of Your work for, board membership with, officership with, or employment by either or both of the Companies.

20. Any and all documents concerning the legal status of the Companies.

21. Any and all documents related to the decision to reactivate the Companies, including but not limited to any and all documents relating to the decision to pay the Companies' delinquent taxes for the years 2007, 2008, and 2009.

22. Any and all documents or communications, including between and among You, Theodore F. Schroeder, and/or Brandon Stroy, concerning the decision to initiate a lawsuit against Brian S. Cohen, as well as the lawsuit itself.

23. Any and all documents or communications, including between and among You, Theodore F. Schroeder, and/or Brandon Stroy, concerning the decision to initiate a lawsuit against NYA, as well as the lawsuit itself.

24. Any and all documents or communications, including between and among You, Theodore F. Schroeder, and/or Brandon Stroy, concerning the decision to initiate a lawsuit against Pinterest, as well as the lawsuit itself.

25. Any and all correspondence with Sidney S. Liebesman, Charles Palella, Steven Pachman, and/or any and all employees or agents of the law firm Montgomery McCracken Walker & Rhoads LLP, including but not limited to correspondence concerning legal representation.

26. Any and all documents concerning Your obligation to preserve documents or other evidence that may be related to the Complaint and/or the allegations in the Complaint.

27. Any and all documents regarding Your efforts to preserve documents or other evidence that may be related to the Complaint and/or the allegations in the Complaint.

28. Documents sufficient to show the date on which You learned of Your obligation to preserve documents or other evidence that may be related to the Complaint and/or the allegations in the Complaint.

29. Any and all documents or communications concerning the loss, deletion, or destruction of any documents, communications, or data pertaining to Rendezvoo, SMA, or Theodore F. Schroeder and the matters described in the Complaint.

30. Any and all documents concerning Theodore F. Schroeder's authority to bring suit on behalf of Rendezvoo.

31. Any and all documents concerning Theodore F. Schroeder's authority to bring suit on behalf of SMA.

32. Any and all documents concerning websites thought to be similar in any way to Rendezvoo.com or Skoopwire.com.

Dated: August 22, 2014
       New York, New York

By:   *Brian J. Fischer /NKO*
Andrew H. Bart
Brian J. Fischer
JENNER & BLOCK LLP
919 Third Avenue
37th Floor
New York, New York 10022
(212) 891-1600 (t)
(212) 909-0815 (f)
ABart@jenner.com
BFischer@jenner.com

*Counsel for Defendants Brian S. Cohen and New York Angels, Inc.*

11