# Exhibit L

# Fischer, Brian J.

**From:** Liebesman, Sidney S. [SLiebesman@mmwr.com]
**Sent:** Friday, October 31, 2014 1:39 PM
**To:** Fischer, Brian J.; 'Tracy Young'
**Cc:** Orpett, Natalie K.; Bart, Andrew H.; Palella, Charles; Liebesman, Sidney S.
**Subject:** RE: Schroeder v. Cohen - 652183/2013

Ms. Young: I have a hearing in the Chancery Court this afternoon and will respond to Mr. Fischer's email below. I was not aware we could email you freely without meeting and conferring. I shall make a note of that.

I will not reference the thousands of pages of documents plaintiffs have produced. I will say that Mr. Fischer's client supposedly just finished his production after several months earlier this week (and after the October 24 deadline you had imposed).

I was not retained by Mr. Bocra until well after the subpoena was served. It has only been a touch more than 2 weeks. We are collecting electronic documents from various sources. The effort has been underway.

As for timing, it should be noted that Mr. Fischer just served a subpoena on Mr. Schroeder's former employer, Morrison Foerster – a law firm where Mr. Schroeder worked after Mr. Fischer's client had stolen the Pinterest idea and caused the plaintiffs to stop working on the project. Mr. Fischer's subpoena seeks various documents having nothing to do with this lawsuit (i.e., Mr. Schroeder's time records), but are not set to be produced for several weeks. I raise this not to object to the clearly overbroad subpoena but to point out that discovery is still well underway (Pinterest filed a motion to quash the subpoena and the hearing is currently scheduled for November 21 in San Francisco) and that plaintiff remains committed to produce every bit of information it has in their possession, including Mr. Bocra's, and have no plan to intervene in the subpoena served upon Morrison Foerster even though it is objectionable.

**From:** Fischer, Brian J. [mailto:BFischer@jenner.com]
**Sent:** Friday, October 31, 2014 12:59 PM
**To:** 'Tracy Young'
**Cc:** Orpett, Natalie K.; Bart, Andrew H.; Palella, Charles; Liebesman, Sidney S.
**Subject:** RE: Schroeder v. Cohen - 652183/2013

Dear Ms. Young –

I write to revisit an email chain and topic of discussion from over three weeks ago (below), in which Plaintiffs were directed to produce the requested files of Bill Bocra "as soon as possible." As of today, we have not received any of Mr. Bocra's documents, and we do not have any information from Plaintiffs as to when we will get them.

Our efforts to obtain these documents have been both frustrating and time-consuming. Beginning this past winter, Plaintiffs declined to inform us whether Mr. Bocra was represented by Montgomery McCracken (Plaintiffs' counsel) or by other counsel. Plaintiffs indicated that they would produce Mr. Bocra's documents, then later informed us that they did not represent Mr. Bocra and we would consequently be required to serve Mr. Bocra through his own counsel. We did so, but then Mr. Bocra was passed to (or back to) Montgomery McCracken. All the while, Plaintiffs have claimed that Mr. Bocra is an employee of the two company Plaintiffs (Rendezvoo and Skoop), a claim that we treat with great skepticism, but one that, if taken at face value, shows that Mr. Bocra's document production is severely past due.

Apart from the frustration and waste the effort to obtain Mr. Bocra's files has caused, it is also impairing our ability to move forward with depositions, which by this point in the case we should be taking. Plaintiffs' Complaint is absolutely clear that Mr. Bocra is a central actor in the story underlying their claims.

1

...

For your reference, please find below a brief timeline of our efforts, which we hope makes clear that Plaintiffs should be directed to produce Mr. Bocra's files by a date certain – we would respectfully suggest Nov. 7, 2014 – and to advise the Court today whether that won't be achievable, and if so, why. Undoubtedly, Plaintiffs will respond by quoting the number of pages they've produced to date, comparing that total to the number of pages Mr. Cohen and NYA have produced, etc.—all of which we would respectfully submit is irrelevant to Plaintiffs' obligation to produce Mr. Bocra's files and to comply with this Court's directive to produce those files "as soon as possible." Defendants' production is complete, and thus there can be no excuse for this persisting deficiency in Plaintiffs' production.

We greatly appreciate the Court's assistance in this matter.

Respectfully submitted,
Brian


**Bocra Timeframe**

1. On March 18, 2014, we served documents requests specifically directed at Mr. Bocra's files. That's over 7 months ago.

2. On April 14, 2014, Plaintiffs submitted Responses & Objections to our document requests, making no mention that they did not have custody or control over Mr. Bocra's documents. In response to specific requests relating to Mr. Bocra, Plaintiffs responded that they would produce discoverable documents within their possession, custody, or control.

    a. Note that beginning in March 2014, we and then-Defendants Pinterest repeatedly asked Plaintiffs if they represented Mr. Bocra. Plaintiffs declined to respond despite numerous requests.

3. On an April 21, 2014 telephonic Meet and Confer, Plaintiffs informed us and then-Defendants Pinterest that Mr. Bocra was conducting his own document collection with instructions to "collect everything." We expressed concern over such an unsupervised approach, but have reserved challenging the manner of collection until after we get the production (which hasn't happened yet).

4. On May 12, 2014, discovery was stayed by the Court.

5. On May 14, 2104, Mr. Liebesman notified us and then-Defendants Pinterest via email that he "no longer represent[s] William Bocra. I do not know for sure whether he is going to be represented by other counsel in this matter. No documents were obtained from Mr. Bocra by my office in connection with this litigation."

6. On May 23, 2014, we received a phone call from Mr. John Rogers of Herrick Feinstein notifying us that he was representing Mr. Bocra.

7. The discovery stay was lifted on July 28, 2014.

8. On August 22, 2014, we served a subpoena for Mr. Bocra to Mr. Rogers at Herrick Feinstein, requesting written confirmation that he was authorized to accept service on behalf of Mr. Bocra. The subpoena set a production deadline of September 19, 2014.

9. On August 27, 2014, Mr. Rogers confirmed via email that he had received the subpoena and was authorized to accept service on behalf of Mr. Bocra.

10. On September 16, 2014, Mr. Rogers requested an extension of the subpoena's deadline. October 3, 2014 was set as the new deadline.

11. October 3, 2014 came and went with no production and no request for an extension.

12. Early the week of October 6, 2014, we reached out to Mr. Rogers for an update. He did not return those messages.

13. At our October 9, 2014 Status Conference, Plaintiffs explained that they did not represent Mr. Bocra and did not have control over him, but that they would in fact reach out to Mr. Rogers in an effort to encourage a more prompt response to our subpoena.

14. In the afternoon of October 9, 2014, we finally reached Mr. Rogers, who notified us over the telephone that he no longer represented Mr. Bocra; rather, Montgomery McCracken—Plaintiffs' counsel—had been representing Mr. Bocra as of October 8, 2014.

15. October 24, 2014 – the most recent discovery deadline set by the Court – came and went with no production from Mr. Bocra's files.

16. On October 27, 2014, we asked Plaintiffs when Mr. Bocra's documents will be produced, and they have not answered that question.

---

**From:** Tracy Young [mailto:twyoung@nycourts.gov]
**Sent:** Thursday, October 09, 2014 5:00 PM
**To:** Liebesman, Sidney S.; Fischer, Brian J.
**Cc:** Orpett, Natalie K.; Bart, Andrew H.; Palella, Charles
**Subject:** RE: Schroeder v. Cohen - 652183/2013

Counsel,

As an officer of a plaintiff company, a subpoena was not necessary. A notice of deposition and to produce would have been sufficient. Mr. Liebesman, please produce the documents requested from Mr. Bocra as soon as possible. Neither attorney is to speak directly to any employee or officer of a party entity.

Regards,

Tracy W. Young
Senior Law Clerk
Justice Melvin L. Schweitzer
New York State Supreme Court
and Court of Claims

**From:** Liebesman, Sidney S. [mailto:SLiebesman@mmwr.com]
**Sent:** Thursday, October 09, 2014 4:18 PM
**To:** Tracy Young; Fischer, Brian J.
**Cc:** Orpett, Natalie K.; Bart, Andrew H.; Palella, Charles; Liebesman, Sidney S.
**Subject:** RE: Schroeder v. Cohen - 652183/2013

To address Mr. Fischer's argument and your last question first, Mr. Bocra is not represented by my firm <u>at this time</u>. Either Mr. Fischer misheard Mr. Rogers or – more likely the case as we have seen in the past with Mr. Fischer – he is intentionally (and unnecessarily) inflaming the situation.

3

Mr. Bocra is, as is Mr. Cohen, still technically an officer of the company because no one formally resigned their position. But note that Mr. Fischer is not arguing that I have control over Mr. Bocra because Mr. Fischer and Mr. Cohen, I believe, reached out to Mr. Bocra without my knowledge after the litigation was filed. I complained to Mr. Fischer who responded that it was okay for him to have ex parte contact because Mr. Bocra was not really represented by me. Mr. Bocra opted to retain his own counsel. It was that counsel who was, and still is as of this moment (but not for much longer in all likelihood) Mr. Bocra's lawyer in connection with the subpoena.

I do hope to step in and replace Mr. Bocra's lawyer and should know by early next week if that is actually going to happen. I am also, separately pushing to help the document production as I said I would during today's conference notwithstanding.

It should be noted that the plaintiffs have produced over 28,000 pages of documents. **If I end up representing Mr. Bocra, I intend to gather, review and produce his documents about the same time that Mr. Fischer is to complete Mr. Cohen's document production on October 24**. (Assuming Mr. Bocra's production is as small as I believe it is – Mr. Fischer already has Plaintiff Ted Schroeder's documents and Pinterest was Mr. Schroeder's idea, not Mr. Bocra's). Of course, the Pinterest parties will delay the completion of document discovery for some time anyway based on what we have seen in response to the subpoenas served upon them.

If I can report back to the Court sometime early next week, we should be in a better position to know who will be handling Mr. Bocra's production.



**Sidney S. Liebesman** | Partner
**Montgomery McCracken Walker & Rhoads LLP**
123 South Broad Street | Avenue of the Arts | Philadelphia, PA 19109
Tel: 215-772-7279 | Fax: 215-731-3908 | sliebesman@mmwr.com | Attorney Profile

1105 North Market Street, Suite 1500 | Wilmington, DE 19801
Tel: 302-504-7800 | Fax: 302-504-7820

437 Madison Avenue, 29th Floor | New York, NY 10022
Tel: 212-201-1931 | Fax: 212-201-1939

Notice: This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution and/or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender and please immediately delete this message from your computer as well as any storage device(s). Thank you.

**From:** Tracy Young [mailto:twyoung@nycourts.gov]
**Sent:** Thursday, October 09, 2014 4:01 PM
**To:** Fischer, Brian J.
**Cc:** Orpett, Natalie K.; Bart, Andrew H.; Liebesman, Sidney S.; Palella, Charles
**Subject:** RE: Schroeder v. Cohen - 652183/2013

Mr. Liebesman,

Please clarify whether Mr. Bocra is an officer and/or employee of any of the plaintiff companies. If he is, then I believe that you, as counsel for plaintiffs, have control over him. If he is not, then please clarify whether you represent him with respect to this litigation, and the pending subpoena.

4

Thank you,

Tracy W. Young
Senior Law Clerk
Justice Melvin L. Schweitzer
New York State Supreme Court
and Court of Claims

**From:** Fischer, Brian J. [mailto:BFischer@jenner.com]
**Sent:** Thursday, October 09, 2014 3:47 PM
**To:** Tracy Young
**Cc:** Orpett, Natalie K.; Bart, Andrew H.; Liebesman, Sidney S.; 'Palella, Charles'
**Subject:** Schroeder v. Cohen - 652183/2013

Dear Ms. Young –

Earlier today the parties appeared before you for a status conference. At the conclusion, I noted that Defendants have outstanding to William Bocra a document subpoena. This subpoena was served upon him on August 22, 2014 – 7 weeks ago. I noted that we had contact with the person we were told was his attorney in the past (John Rogers of Herrick), but that the deadline for the subpoena's response had passed, yet we hadn't gotten documents and we lost contact with Mr. Rogers. Mr. Liebesman responded, in a nutshell, that he lacks control over Mr. Bocra (even though he is supposedly a current officer of the Plaintiff Companies); that the issue is not for him but for Mr. Bocra's counsel; but that he would reach out to Mr. Rogers to see if he could push him in the right direction.

I called Mr. Rogers a short while ago. I was quite surprised when Mr. Rogers told me that Mr. Bocra "is getting his documents together" but that he would not be representing Mr. Bocra any further. On top of that, Mr. Rogers told me that Mr. Bocra is now being represented by Montgomery McCracken – Plaintiffs' counsel – and that I should contact them. He told me that this was all decided upon *yesterday*.

We requested Mr. Bocra's files back in March 2014. His name is all over the complaint; he was a founder of the Plaintiff companies; he is one of the most important witnesses in this matter. In May 2014, Mr. Liebesman told me that he doesn't represent Mr. Bocra so we wouldn't be getting Bocra's files from his firm, and indeed shortly after Mr. Rogers contacted me on Mr. Bocra's behalf to introduce himself. Discovery was stayed at that time. When the stay was lifted, we subpoenaed Mr. Bocra (on Aug. 22, 2014), with Mr. Rogers accepting service and even asking for an extension on the time to respond. When that extended deadline passed last week, I started emailing Mr. Rogers, but did not successfully reach him until this afternoon.

We have a few issues that we hope can be resolved without resort to motion practice (which, of course, we are happy to engage in).

First, we would like a firm date for Mr. Bocra's production. It is well past due, and we believe that without a Court order, it will be November or December and we will still be without his documents, which we need so we can begin taking depositions. We ask that the Court direct Plaintiffs to produce all of his responsive files by no later than Oct. 24. Under the circumstances, I believe this is a generous period of time.

Second, we would like clarified up front – not after the fact – the manner in which this production is going to happen. Mr. Rogers – the outgoing counsel – told me that Mr. Bocra is gathering his own documents, which is a recipe for disaster because there's no assurance that he knows the scope of our requests, that he will conduct a proper collection, search and review, and that, as a general matter, he is taking this process seriously. Plaintiffs have taken the odd position that (a) Mr. Bocra is their current officer; (b) but that Plaintiffs' counsel lacks control over him; and (c) moreover, because he is represented, we may not contact him directly. This would be like me – counsel for Brian Cohen – claiming that I have no ability to cause Mr. Cohen's files to be produced, but that all discussions about his production

5

have to be routed through me, even though Mr. Cohen is personally picking and choosing what to produce. On top of all of this, well over a year after Plaintiffs first brought suit in federal court, Mr. Liebesman told me that he hadn't yet instructed Mr. Bocra to preserve his files in light of the litigation. Thus, we have deep (and valid) concern not only over the tardiness of this production, but over what it is going to look like.

Third, given the game of hot potato that's been played here, and the lack of transparency over the status of Mr. Bocra's files, we would like Mr. Liebesman to either (a) produce an engagement letter with Mr. Bocra, indicating that he is Mr. Bocra's counsel or (b) agree that they have no objection to our contacting Mr. Bocra directly (which we think would be the best way for us to get to the bottom of this confusing situation). In the past, Mr. Liebesman threatened to seek sanctions against us because we reached out to Mr. Bocra at a time when we did not understand Mr. Bocra to be either represented or a current officer of the Plaintiff Companies.

If the Court believes that it would be helpful, we are available for a conference call at your convenience.

Sincerely,
Brian Fischer

**Brian J. Fischer**

**Jenner & Block LLP**
919 Third Avenue, New York, NY 10022-3908  |  jenner.com
(212) 891-1629 | TEL
(212) 909-0815 | FAX
BFischer@jenner.com
Download V-Card  |  View Biography



JENNER&BLOCK
100 YEARS
CELEBRATING A CENTURY

CONFIDENTIALITY WARNING: This email may contain privileged or confidential information and is for the sole use of the intended recipient(s). Any unauthorized use or disclosure of this communication is prohibited. If you believe that you have received this email in error, please notify the sender immediately and delete it from your system.